**IN THE UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**MAC CARDER, JR.**                                                    **PLAINTIFF**

**vs.**                          **CASE NO. 4:25-cv-107-LPR**

**GREGG PARRISH, IN HIS OFFICIAL CAPACITY**
**AS EXECUTIVE DIRECTOR OF THE ARKANSAS**
**PUBLIC DEFENDER COMMISSION AND IN**
**HIS INDIVIDUAL CAPACITY**                                  **DEFENDANT**

**<u>ANSWER</u>**

Comes Defendant Gregg Parrish, in his individual and official capacity as Executive Director of the Arkansas Public Defender Commission ("Parrish"), by and through his counsel, Attorney General Tim Griffin and Senior Assistant Attorney General Carl F. "Trey" Cooper, III, and for his Answer to Plaintiff's Complaint, states:

1.      Parrish admits that Plaintiff is a resident of Arkansas who served as Chief Public Defender for the Sixth Judicial District of Arkansas until he was reassigned in July of 2023. Parrish denies any and all remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      Parrish admits that he is the Executive Director of the Arkansas Public Defender Commission. Parrish denies any and all remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Parrish denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Parrish denies the allegations contained in paragraph 4 of Plaintiff's Compliant.

5.      Parrish admits that Plaintiff was appointed a public defender for the Sixth Judicial District in July of 2022. Parrish states that Ark. Code Ann. § 16-87-303 speaks for itself. Parrish denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Parrish admits that appointment as a public defender requires approval by the Circuit Judges of the judicial district in which the appointment is being made. Parrish denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Parrish denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Parrish states that Ark. Code Ann. § 16-87-306(2)(A) speaks for itself. Parrish denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Parrish denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Parrish denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Parrish admits that Plaintiff was reassigned, with the same pay grade and salary, to the Pulaski County Conflicts Office.  Parrish admits that Plaintiff subsequently submitted leave for a few weeks and then informed Parrish that was retiring. Parrish states that Ark. Code Ann. § 16-87-303 speaks for itself. Parrish denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. To the extent paragraph 12 of Plaintiff's Complaint contains allegations which require a response, they are denied.

13. Parrish denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. To the extent paragraph 14 of Plaintiff's Complaint contains allegations which require a response, they are denied.

15. To the extent paragraph 15 of Plaintiff's Complaint contains allegations which require a response, they are denied.

16. Parrish denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Parrish denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Parrish denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     To the extent paragraph 19 of Plaintiff's Complaint contains allegations which require a response, they are denied.

20.     Parrish denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Parrish denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Parrish denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Parrish denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Parrish denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Parrish denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Parrish joins Plaintiff in his demand for a jury trial.

27.     Parrish denies the allegations contained in Plaintiff's "WHEREFORE" paragraph.

28.     Parrish denies any and all allegations contained in Plaintiff's Complaint that are not expressly admitted herein.

29.     Parrish states that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

30.     Parrish asserts the following affirmative defenses:

    a.      Failure to exhaust administrative remedies;

    b.      Sovereign immunity;

    c.      Qualified immunity;

    d.      Issue or claim preclusion;

    e.      State of limitations;

    f.      Lack of jurisdiction;

    g.      No liability under respondeat superior;

    h.      Failure to mitigate damages;

      i.       Punitive damages are prohibited by the United Sates and Arkansas Constitutions;

      j.       Lack of standing;

      k.      Justification;

      l.       Waiver; and

      m.     Failure to join an indispensable party.

31.     Parrish asserts that Plaintiff has not been deprived of any right or interest protected by the United States Constitution, the Arkansas Constitution, federal or state statutes, or common law.

32.     Parrish in his "official" capacity is not a person amendable to suit.

33.     Parrish asserts that that Plaintiff's Complaint fails to state facts upon which attorney's fees or costs can be awarded.

34.     Parrish asserts that Plaintiff's Claims for damages and/or attorney's fees are barred by sovereign immunity, statutory immunity, and/or qualified immunity.

35.     Parrish reserves the right to assert additional affirmative defenses and amend her Answer pending further investigation of this matter.

WHEREFORE, Defendant Gregg Parrish, both in his individual and official capacity as Executive Director of the Arkansas Public Defender Commission, respectfully prays that the Court dismiss Plaintiff's Complaint with prejudice and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:    Carl F. "Trey" Cooper, III
Ark Bar No. 2007294
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-3658
Fax:     (501) 682-2591
Email:  trey.cooper@arkansasag.gov

*Attorneys for Defendant Gregg Parrish, both in his Individual and Official Capacity as Executive Director of the Arkansas Public Defender Commission.*

5